UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY HARMON,

Plaintiff,

v.

BLAIR LACHMAN, *et al.*,

Defendants.
______________________________/

Case No. 1:25-cv-1427

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by Plaintiff Casey Harmon, a pretrial detainee held at the Kent County Correctional Facility. Plaintiff is presently a defendant in four criminal prosecutions pending in the Kent County Circuit Court. This action focuses on *People v. Harmon*, No. 24-03358-FC (Kent Cnty. Cir. Ct.), where Plaintiff is charged with perjury during an investigative subpoena examination in violation of Mich. Comp. Laws § 767A.9.

Plaintiff challenges the constitutionality of the investigative subpoena statute as well as the conduct of his investigative subpoena examination. He sues the following individual and entities: the City of Grand Rapids and Grand Rapids Police Department detectives Case Weston and Damon Lange (the Grand Rapids Defendants); the County of Kent and Kent County Assistant Prosecutor Blair Lachman (the Kent County Defendants); and the State of Michigan and Michigan Attorney General Dana Nessel (the Michigan Defendants).

Each group of defendants has filed a motion to dismiss: ECF Nos. 18, 21, and 15, respectively. Plaintiff has responded with a motion for summary judgment. (ECF No. 25.) For the reasons set forth below, the undersigned recommends that the Court dismiss as duplicative and frivolous Plaintiff's claims against Defendants Weston and Lange in their respective personal

capacities. I also recommend that the Court dismiss the remainder of the claims against all parties—including official capacity claims against Defendants Weston and Lange—for failure to state a claim upon which relief may be granted. Finally, I recommend that the Court deny Plaintiff's motion for summary judgment.

**I. Factual Background**

Plaintiff's complaint spans 11 pages; he attaches 12 additional pages of exhibits. Plaintiff complains that each defendant played some role in the investigative subpoena examination that led to the perjury charges against him. Plaintiff contends that each defendant violated his constitutional rights in connection with that examination. Plaintiff seeks millions of dollars in damages and a declaration that Mich. Comp. Laws § 767A.1 *et seq*. is unconstitutional on its face and as applied to him.

**II. Duplicative Claims**

In *Harmon v. Wortz* (*Harmon I*), No. 1:25-cv-158 (W.D. Mich.), Plaintiff filed claims against Defendants Weston and Lange in their respective personal capacities for their roles in the investigative subpoena examination. Compl., *Harmon I*, (ECF No. 1, PageID.2). Those claims remain before the Court, although they have been stayed. Op. & Order, *Harmon I* (ECF Nos. 11, 12).

"Federal courts . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp*., 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688

(9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); Smith v. SEC, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g., Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial identity between the claims against Weston and Lange, factual allegations, temporal circumstances, and relief sought in the present complaint and in *Harmon I*, the Court concludes that the present action, at least with regard to Plaintiff's claims against Weston and Lange, is duplicative. For that reason, Plaintiff's claims against Weston and Lange in their respective personal capacities are properly dismissed as duplicative and frivolous.

## III. Failure to state a claim

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

> "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

In making this determination, the Court must "accept all well-pleaded allegations in the plaintiff's complaint as true and view facts in the light most favorable to the plaintiff, [but the Court] 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Nugent v. Spectrum Juvenile Justice Servs.*, 72 F.4th 135, 138 (6th Cir. 2023) (quoting *Bouye v. Bruce*, 61 F.4th 485, 489 (6th Cir. 2023)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Plaintiff's complaint is replete with unsupported inferences, legal argument, and legal conclusions. It reads far more like a brief than "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

**A. Relief May Not be Granted on Plaintiff's Claims Against the State of Michigan**

Regardless of the form of relief requested, the states are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*

*v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison v. Michigan,* 722 F.3d 768, 771 (6th Cir. 2013). Therefore, under both the Eleventh Amendment and *Lapides*, Plaintiff has failed to state a claim against the State of Michigan upon which relief may be granted.

**B. Relief May Not be Granted on Plaintiff's Claims Against Defendants Nessel and Lachman**

In their personal capacities,[1] Defendants Nessel and Lachman, as prosecutors, enjoy absolute immunity from damages when engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–431 (1976). Immunity shields against liability for actions "undertaken by a prosecutor in preparing for the initiation of judicial proceedings for trial," which includes the evaluation of the evidence assembled by police. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-273 (1993). Courts have also concluded that the conduct of investigative subpoena examination, even such examinations that precede the commencement of a criminal prosecution, fall within absolute prosecutorial immunity. *See, e.g., Sumpter v. Atkins*, No. 12-cv-13958, 2013 WL 8178399 (E.D. Mich. Dec. 6, 2013), *R&R adopted by* 2014 WL 1389088 (Apr. 9, 2014), *affirmed by orde*r, No. 14-1542 (6th Cir. Apr. 2,

---

[1] Official-capacity lawsuits, on the other hand, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). An official-capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Matthew v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165–66. It is clear that a suit against Michigan Attorney General Dana Nessel, in her official capacity, would, in effect, be a suit against the State of Michigan. The same is true for Kent County Assistant Prosecutor Blair Lachman. Although prosecutors may be elected county officials or employed by the county, prosecutors in Michigan are deemed to be state agents when prosecuting state criminal charges. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342–43 (6th Cir. 2009). Therefore, Plaintiff's claims against Defendants Nessel and Lachman in their respective official capacities are actually claims against the State of Michigan and are properly dismissed for the reasons set forth in § III.A., above.

2015). Accordingly, Plaintiff has failed to state a claim against Defendant Nessel and Lachman in their respective personal capacities upon which relief may be granted.

**C. Relief May Not be Granted on Plaintiff's Claims Against the City of Grand Rapids or Kent County**

A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691. Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35–37 (2010) (citing *Monell*, 436 U.S. at 694 (1974)).

In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020); *Doe v. Claiborne Cnty*., 103 F.3d 495, 509 (6th Cir. 1996), *abrogated on other grounds by Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274 (1998), *as stated in Phillips v. Anderson Cnty. Bd. of Educ.,* 2006 WL 3759893 (E.D. Tenn. Dec. 19, 2006); *see also Craig v. Lima City Sch. Bd. of Educ.,* 384 F.Supp.2d 1136 (N.D. Ohio 2005). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508–509.

Plaintiff's action fails at this first step because his allegations have not identified a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality or its policymakers. *Monell*, 436 U.S. at

690. Plaintiff has not alleged any facts that support the inference that either the City of Grand Rapids or Kent County has an official policy that caused Plaintiff's constitutional injury.

Plaintiff also has not identified a custom. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cty*., 103 F.3d at 507 (citations and quotations omitted). Plaintiff has not alleged any facts that support a reasonable inference that he was injured by a custom of the City of Grand Rapids or Kent County.

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

## IV. Plaintiff's Motion for Summary Judgment

Plaintiff lays out his case in a motion for summary judgment. (ECF No. 25.) "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present

> significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

For all of the reasons set forth in §§ II and III above, even liberally construing Plaintiff's allegations, he has not alleged facts sufficient to state claims for relief against these Defendants. Viewing the factual evidence and drawing all reasonable inferences against Plaintiff does not improve his position. Plaintiff has failed to demonstrate that there are no genuine issues of material fact or that he is entitled to judgment as a matter of law. His motion for summary judgment is properly denied.

## Recommendation

For the reasons set forth above, I respectfully recommend that Defendants' motions to dismiss be granted and that Plaintiff's motion for summary judgment be denied. Adopting the recommendation will resolve all claims against all parties.

Dated: August 18, 2026

/s/ Ray Kent
Ray Kent
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).